UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                            CASE NO: 8:16-Cr-417-T-36AEP

FONTELLA JAMES
_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED
MOTION FOR DOWNWARD DEPARTURE AND
MOTION FOR DOWNWARD VARIANCE**

COMES NOW, Defendant, FONTELLA JAMES, by and through the undersigned attorney, and pursuant to the United States Sentencing Guidelines, and Title 18 U.S.C. § 3553(a), and files this Sentencing Memorandum and Incorporated Motion for Downward Departure and Motion for Downward Variance, and in support thereof sets forth the following:

SENTENCING MEMORANDUM

As this Honorable Court is aware, when sentencing a defendant, a District Court is asked to ""impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing, including "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)." Kimbrough v. United States, 552 U.S. 85, 101 (2007).  In determining an appropriate sentence, as to a defendant in a specific case, the court should consider an array of other factors and an appropriate sentence should reflect those concerns of the Court.  See Kimbrough, *supra*; United States v. Booker, 543 U.S. 220 (2005).

While a sentence within the Guidelines range is presumed reasonable, there is no presumption that a sentence which falls outside of the Guidelines range is unreasonable. See <u>Rita v. United States</u>, 551 U.S. 338 (2007). What is clear, is that, "a district judge must include the Guidelines range in the array of factors warranting consideration. The judge may determine, however, that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing." <u>Kimbrough v. U.S.</u>, 552 U.S. at 91. It is widely recognized that courts are free to depart or vary from the Guidelines so long as the court states sufficient justification for the extent of such. See <u>United States v. Irey</u>, 563 F.3d 1223 (11th Circuit 2009)(affirming variance from level life to 210 months in "utterly gruesome" case recognizing that sentencing is the most difficult job a district judge performs); <u>United States v. McBride</u>, 511 F.3d 1293 (11th Circuit 2007)(affirming variance from 151 to 188 months to 84 months in child pornography case); <u>United States v. Clay</u>, 483 F.3d 739 (11th Circuit 2007)(affirming 60 month sentence even though the Guidelines were 188 to 235 months based on post-offense rehabilitation).

In <u>Pepper v. United States</u>, 131 S.Ct. 1229 (2001), the United States Supreme Court emphasized the need for individualized sentencing, and then in <u>United States v. Booker</u>, clearly stated that the factors set-forth in 18 U.S.C. § 3553(a) must be considered in fashioning the appropriate sentence. Some of these factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing range established by the Guidelines, any pertinent policy statements, and the need to avoid sentencing disparity. See <u>Gall v. United States</u> and <u>Kimbrough v. United States</u> *supra*.

United States v. Fontella James
Case No: 8:16-Cr-417-T-36AEP
Defendant's Sentencing Memorandum and Incorporated
Motion for Downward Departure and
Motion for Downward Variance
Page 2 of 6

## HISTORY AND CHARACTERISTICS OF FONTELLA JAMES

Fontella James is a thirty-seven (37) year old mother of two (2) minor children, and a third child that is an eighteen (18) year old adult. Prior to her arrest in this case, Ms. James, except for a nominal amount of child support she received on a weekly basis, was the primary provider for her three (3) children. During this time Ms. James maintained good housing conditions for her children, she ensured that they attended school regularly, and she made her best efforts to provide for her children. Like many people, Ms. James began to suffer financial hardships, and regrettably, she engaged in the conduct which has brought Ms. James to where she is today.

Ms. James has accepted responsibility for her actions. While not a defense to these charges, or any criminal conduct, Ms. James did what she did, not to live a lavish lifestyle, but simply in her efforts to provide for her three (3) children and herself. Ms. James will undoubtedly serve a term of incarceration in this case and that is the realization that she faces daily, that she will be absent and unable to provide for her children because of her actions.

Ms. James has had little contact with the criminal justice system, and has never faced a criminal conviction. For an individual in her place, she must also now face the realization that she will live the remainder of her life as a convicted felon. In a time when jobs and opportunities can already be tough to come by, Ms. James must now accept responsibility for her actions and strive to rebuild her life to continue to provide for her children. To do so, Ms. James has expressed her desire to engage in educational and vocational training programs during any term of incarceration that this Honorable Court may impose in this matter. These programs will afford her the opportunity to better herself and additionally provide her the opportunity to make something positive out of this situation upon her release.

United States v. Fontella James
Case No: 8:16-Cr-417-T-36AEP
Defendant's Sentencing Memorandum and Incorporated
Motion for Downward Departure and
Motion for Downward Variance
Page 3 of 6

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

An interesting, but not unique, aspect of this case is that at no time during the conduct that Ms. James engaged in was there ever a risk of actual losses to the alleged victims. I offer this not to justify her conduct, but as a way to set the picture for this Court.

Ms. James became involved in this case after being approached by Vickie Bryant, an individual who was prosecuted in a related case. Mr. Bryant was someone that was known to Ms. James. He approached Ms. James, along with her named co-defendant in this case, and he was looking to obtain personal identifying information (PII) that he could sell to another individual, who was actually working as an informant with law enforcement. Ms. James and her named co-defendant would obtain the PII from their workplace and subsequently provide it to Mr. Bryant. Mr. Bryant would then sell that PII to the informant, who would then turn the information over to law enforcement. The PII provided to Mr. Bryant, by Ms. James, was never actually used to defraud a victim.

What is interesting is that U.S.S.G. § 2B1.1, n. 1, defines a "victim" as "(A) any person who sustained any part of the *actual loss* determined." In the present case, while there was no actual loss, there is recognition that the Guidelines provide for a "default" loss of $500.00 per access device, pursuant to U.S.S.G. § 2B.1, n. 3(F)(i). Based on the number of access devices stolen in this case (957), there is a Guideline imposed loss of $478,500.00. While correctly calculated, based on the facts of this case and the number of access devices stolen, the defense position would be that the loss amount determined under the Guidelines substantially overstates the seriousness of the offense.

United States v. Fontella James
Case No: 8:16-Cr-417-T-36AEP
Defendant's Sentencing Memorandum and Incorporated
Motion for Downward Departure and
Motion for Downward Variance
Page 4 of 6

Pursuant to 18 U.S.C. § 3553(a), this is a factor that this Honorable Court may consider when determining an appropriate sentence, that is sufficient, but not greater than necessary.

## MOTION FOR DOWNWARD DEPARTURE

On May 26, 2017, the United States filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1, as to Count One only, based on Ms. James' substantial assistance in connection with this matter.

Additionally, pursuant to U.S.S.G. § 5K2.0 and U.S.S.G. § 2B1.1(20)(C), the undersigned will, at the time of sentencing, move this Honorable Court for a downward departure based on a loss calculation, that, based on the facts of the case, results in a guideline that substantially overstates the seriousness of the offense.

## MOTION FOR DOWNWARD VARIANCE

Based on the foregoing and pursuant to Title 18 U.S.C. § 3553(a), at the time of sentencing in this matter, the undersigned will move this Honorable Court for a downward variance based on the factors for this Court's consideration when imposing a sentence in this matter. The undersigned will be asking this Honorable Court to consider all relevant factors and impose a sentence that is sufficient, but not greater than necessary, to: reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offenses; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

Respectfully submitted this 14th day of June, 2017.

United States v. Fontella James
Case No: 8:16-Cr-417-T-36AEP
Defendant's Sentencing Memorandum and Incorporated
Motion for Downward Departure and
Motion for Downward Variance
Page 5 of 6

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, and that notification of this filing will be sent to all interested persons on this 14th day of June, 2017.

Respectfully Submitted

_____*/s/ David E. Little*_____
DAVID E. LITTLE, ESQUIRE
Brown & Doherty, P.A.
450 Carillon Parkway, Ste. 120
St. Petersburg, FL 33716
(727) 299-0099, Fax (727) 299-0044
FBN 0089124
david@brownanddoherty.com

United States v. Fontella James
Case No: 8:16-Cr-417-T-36AEP
Defendant's Sentencing Memorandum and Incorporated
Motion for Downward Departure and
Motion for Downward Variance
Page 6 of 6